IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-1283-W |
| | ) |
| C. CHESTER, WARDEN, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

The present habeas action grew out of Madyun Abdulhaseeb's disciplinary conviction.[1] For the infraction, authorities deducted 120 earned credits and demoted him from "Level Four" to "Level One" for 60 days. During the pendency of the action, officials set aside the misconduct conviction and restored the 120 credits previously taken away. Based on this action, the Respondent moves for dismissed based on mootness. The motion should be denied.

The Respondent bears the heavy burden of demonstrating mootness.[2] An action becomes moot when the petitioner has already obtained the desired relief.[3] However, an

---

[1] The named plaintiff is "Jerry Thomas." His current name is "Madyun Abdulhaseeb." *See Abdulhaseeb v. Saffle*, 65 Fed. Appx. 667, 671-72 (10th Cir. Mar. 27, 2003) (unpublished op.) (noting that Jerry Thomas had "legally changed his name in 1990" to "Madyun Abdulhaseeb").

[2] *See Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) ("The burden of demonstrating mootness 'is a heavy one.'" (citation omitted)); *COPAR Pumice Co., Inc. v. Tidwell*, 603 F.3d 780, 792 (10th Cir. 2010) (stating that the party asserting mootness bears "a 'heavy' burden" (citations omitted)).

[3] *See Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (stating that an action becomes moot when an event occurs "that heals the injury" (citation omitted)).

action is not rendered moot by an award of only some of the remedies being sought by the petitioner.[4]

In the habeas petition, Mr. Abdulhaseeb seeks remedies that would include:

- an order overturning his misconduct conviction,

- restoration to Level Four,

- award of all credits that he would have earned if he had stayed at Level Four, and

- restoration of all the earned credits that had been deducted.[5]

During the pendency of the present action, the Administrative Review Authority set aside the misconduct conviction, ordered a rehearing, and restored the 120 earned credits previously deducted. However, the Respondent has not alleged or presented evidence to suggest award of the 60 days of earned credits that Mr. Abdulhaseeb could have earned at Level Four in the absence of the disciplinary sanctions. If the action proceeds and a constitutional violation is found, the remedy could include a writ of habeas corpus that would allow release unless prison authorities were to restore status at Level Four and/or award 60 days of earned credits that Mr. Abdulhaseeb could have received without the punitive

---

[4] *See Powell v. McCormack*, 395 U.S. 486, 495-500 (1969) (holding that the action did not become moot, even though the petitioner had obtained partial relief, because he had also requested other remedies); *see also McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 671-72 (2010) (stating that even though the parties had agreed on the question under review, the case was not moot because the parties were requesting different actions by the court).

[5] 28 U.S.C. §2241 — Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 15 (Oct. 31, 2011).

demotion.[6] Thus, invalidation of the disciplinary conviction did not moot the habeas action[7] and the Court should deny the motion to dismiss.[8]

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by April 27, 2012.[9] The failure to timely object would foreclose appellate review of the suggested ruling.[10]

The present report does not discharge the referral.

Entered this 10th day of April, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[6] *See Wilson v. Jones*, 430 F.3d 1113, 1124 (10th Cir. 2005) (remedying a due process violation in a misconduct conviction through restoration of the petitioner's former status in earning credits); *Gamble v. Calbone*, 375 F.3d 1021, 1032 (10th Cir. 2004) (same).

[7] Mr. Abdulhaseeb's proposed remedies include expungement of the disciplinary conviction and an award of costs and fees. 28 U.S.C. §2241 — Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 15 (Oct. 31, 2011). The Court need not address the viability of these requests or determine whether they would affect the mootness inquiry.

[8] The Petitioner argues that he falls within one of the recognized exceptions for mootness, disputes capable of repetition or penalties with collateral consequences. However, the action would be considered ripe even without consideration of these exceptions.

[9] *See* Fed. R. Civ. P. 6(A)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.).

[10] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

3