IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY L. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-11-1283-W |
| v. | ) | |
| | ) | |
| C. CHESTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing with counsel, brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging on due process grounds the finding of guilt and punishment imposed in an institutional disciplinary proceeding. As relief, Petitioner requests that the "misconduct be overturned" and expunged from his record, that he be restored to his previous "Level 4" earned credits classification level, and that all of the earned credits he would have received at "Level 4" from the date of the misconduct be restored to his sentence calculation record. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).[1] For the following reasons, it is recommended that the Petition be dismissed as moot.

In a previous 42 U.S.C. § 1983 action filed by Petitioner, the Tenth Circuit Court of

---

[1] This action was previously referred to former United States Magistrate Judge Bacharach, and the referral was transferred to the undersigned Magistrate Judge on March 5, 2013.

Appeals found that Petitioner had "legally changed his name in 1990" to "Madyun Abdulhaseeb." Abdulhaseeb v. Saffle, 65 Fed.Appx. 667, 672 (10th Cir. Mar. 27, 2003)(unpublished order).  In that action, Petitioner asserted his constitutional rights were violated by the requirement of the Oklahoma Department of Corrections ("ODOC") that, on official forms, he sign the name under which he was first incarcerated, Jerry L. Thomas. Id. at 671-672.  The circuit court concluded that although Petitioner may have a First Amendment right to use his changed name, this right was "trump[ed]" by the prison's interests in security and efficient record-keeping. Id. at 672. Thus, the court found Petitioner had failed to state a claim for relief where it was "clear from the record that [he was] allowed to use his changed name, so long as he include[d] his incarcerated name on official forms." Id.

Petitioner was transferred to the James Crabtree Correctional Center ("JCCC") on April 26, 2006.[2] Response (Doc. # 12), Ex. 2, at 6.  On May 1, 2006, a JCCC adjustment review committee signed a statement reflecting that Petitioner's earned credit level was 4.[3]

---

[2]Petitioner is currently confined at the Lawton Correctional Facility. In 1981, Petitioner was convicted of second degree burglary after former conviction of two or more felonies and first degree rape after former conviction of two or more felonies. Abdulhaseeb v. Hargett, 111 F.2d 140 (Table, 1997 WL 196689, at *1 (10th Cir. 1997)(unpublished order).  Petitioner is serving the consecutive 150-year sentence entered for the rape conviction. At the time of his 1981 convictions, Petitioner's legal name was Jerry Lewis Thomas. Id. n. 1.

[3]Oklahoma inmates generally have their terms of imprisonment reduced on a monthly basis at a rate based on the classification level to which they are assigned. Okla. Stat. tit. 57, § 138(g). Inmates must meet certain criteria to transfer to a higher level and earn credits at a higher rate. See id. § 138(D).  Although Petitioner was convicted before this classification scheme became effective in November 1988, ODOC records reflect that Petitioner's sentence has been calculated by prison officials under the 1988 classification scheme.

Id. at 7. Petitioner was receiving 44 earned credits per month at this level. Id., Ex. 1, at 4.

On May 1, 2006, a JCCC official, Ms. Guffy, authored a Misconduct Report/Offense Report charging Petitioner with the offense of Disobedience to Orders. Id., Ex. 2, at 1.  Ms. Guffy stated in the offense report that

> [o]n the above date and time I was conducting a new arrival review with Inmate Thomas [and] Inmate Thomas was instructed due to his name change the correct way to sign his name per policy # 060212 part II, section D.  Inmate Thomas became loud and argumentative.  He then proceeded to sign his name incorrectly to two separate DOC documents, to-wit: New Arrival Review [and] Offender Financial Responsibility Plan.

Id.[4]  In an Incident/Staff Report completed May 1, 2006, a second JCCC official, Mr. Canaan, stated that he witnessed Ms. Guffy direct Petitioner "to sign his name as he was sentenced, Jerry L. Thomas, then if he chooses followed by AKA Madyun Abdulhaseeb" but Plaintiff "refused to sign as policy directs." Id. at 3.

Following a hearing conducted May 15, 2006, prison officials found that Petitioner had committed the misconduct of Disobedience to Orders and imposed punishment, including disciplinary segregation for 20 days, the loss of 120 days of earned credits, and reduction to "level 1" earned credits status for 60 days. Id. at 35.  As evidence to support this

---

[4]ODOC Policy and Operations Manual, Operations Memoranda No. OP-060212(II)(D)("Legal Name Changes"), provides, effective August 22, 2012, that "1. Offenders who receive a legal name change in accordance with current Oklahoma law will submit that information to records staff.  The new name will be entered into the offender's record as an alias entry. 2. The commitment name as it appears on the judgment and sentence will not be changed on the agency's records unless the judgment and sentence is modified by the sentencing court." http://www.doc.state.ok.us/Offtech/op060212.pdf.  This policy remains unchanged from the previous version of the policy. See Response (Doc. # 12), Ex. 2, at 10-11.

3

finding, the disciplinary hearing officer stated that "B. Guffy reports reflect she instructed [Petitioner] to sign his name per OP-060212" and Petitioner "admits he did not follow B. Guffy orders and will not sign his incarcerated name first." Id.  Petitioner again attained "level 4" earned credits status in November 2006. Id., Ex. 1, at 4.

Petitioner appealed the misconduct and punishment. Response, Ex. 3, at 1.  A due process review was conducted at the facility, and prison officials recommended that the offense violation be amended "to 02-13, Individual Disruptive Behavior[.]" Id. at 4.

On June 19, 2006, an investigating officer at JCCC advised Petitioner that the Disobedience to Orders misconduct was vacated and the charge was amended to Individual Disruptive Behavior. Id., Ex. 2, at 37.  A second disciplinary hearing was conducted on July 5, 2006, and Petitioner was found guilty of the misconduct of Individual Disruptive Behavior. Id. at 41.  The same punishment was imposed as in the first disciplinary proceeding. Id., Ex. 1, at 3; Ex. 2, at 41.

Petitioner appealed the misconduct and punishment for various reasons, including insufficiency of the evidence. Id., Ex. 4, at 1. ODOC Director's Designee Morton affirmed the misconduct conviction. Id. at 8.  Petitioner then filed a Petition for Judicial Review in the District Court of Oklahoma County pursuant to Okla. Stat. tit. 57, § 564.1. Id., Ex. 6, at 1. In a Journal Entry of Judgment filed August 16, 2007, the district court denied his Petition. Id..  In an order entered December 13, 2010, the Oklahoma Court of Criminal Appeals affirmed this decision, finding that Petitioner had not shown the district court erred in denying him relief or that he had been denied due process in the disciplinary proceeding. Id.,

4

Ex. 8, at 1-3.

Petitioner filed the instant Petition on October 31, 2011. Petitioner alleges that "signing his legal name" on ODOC forms did not provide "some evidence" to support the misconduct conviction under ODOC policies, that "[t]he name change provision [in ODOC policy] did not forbid the Petitioner to use his legal name and former slave name alias on DOC forms," and that Ms. Guffy's action in charging him with a misconduct was retaliatory. Petition, at 11-12.

During the pendency of this federal habeas proceeding, ODOC officials set aside the misconduct conviction and restored the 120 credits previously taken as punishment. See Report and Recommendation (Doc. # 20), Bacharach, M.J., at 1. Further, the parties agreed that all of Petitioner's earned credits he would have received but for the reduction of his earned credits status for the misconduct had been restored to his sentence calculation record. See Petitioner's Reply to Respondent's Objection (Doc. # 31), at 1 n. 1. In light of this action, Respondent moved for dismissal on the ground of mootness. However, the Motion to Dismiss was denied, as District Judge West found, because of unanswered questions concerning collateral consequences and potential re-prosecution of Petitioner that warranted further consideration. Order (Doc. # 32), West, D.J.

At that time, ODOC Director's Designee Morton had apparently *sua sponte* conducted another review of Petitioner's misconduct conviction and entered a memorandum setting aside the finding of the disciplinary hearing officer and ordering a re-investigation and rehearing because "[t]he charge should not have been amended." Respondent's Motion to

5

Dismiss as Moot (Doc. # 15), Ex. 2.

A third disciplinary hearing was conducted on the amended charge on June 13, 2012. Respondent's Notice to the Court (Doc. # 34). Again relying on ODOC No. OP-060212 (but incorrectly recited as "policy 06212"), Petitioner was found guilty of the Disobedience to Orders misconduct, and the identical punishment was imposed as in the previous disciplinary proceedings. Id.

Judge Bacharach directed the Petitioner to show cause why the instant action should not dismissed on grounds of mootness (Doc. # 35), and both parties have now responded to the show cause order and have submitted supplemental briefing on the mootness issue. Petitioner argues in his briefing that the action is not moot because Petitioner has repeatedly been found guilty of the misconduct that formed the basis for this action. Further, Petitioner asserts the repetitive disciplinary proceedings reflect that the unlawful action of ODOC could reasonably be expected to recur and there is no reason to believe ODOC would suddenly change its position and declare Petitioner's punishments were based on unconstitutional rules and procedures. Petitioner's Supplemental Brief Concerning Mootness (Doc. # 53), at 2-4.

In Respondent's supplemental brief concerning the issue of mootness, Respondent asserts that ODOC has now recognized that its policy, ODOC No. 060212, was incorrectly used as a basis for Petitioner's misconduct charge. In an amended response concerning Petitioner's misconduct conviction for Disobedience to Orders, dated March 15, 2013, ODOC Director's Designee Knutson stated:

> Upon further review, OP-060212, II.D., "Legal Name Changes,"

6

>is a directive to DOC staff, not offenders. Therefore, it does not direct specific conduct from an offender and is inappropriate as a charge for disobedience to an order.
>The charge against Offender Thomas . . . for Disobedience to Orders (12-1) on 5/1/06 has been dismissed. The offender's Consolidated Record Card shall be updated to reflect any changes as a result of the dismissal and all copies of the offense report will be expunged in compliance with "Department Offender Disciplinary Procedures" (OP-060125) Section VIII. NOTE: The offender's earned credit level (Level 4) on 5/1/06 shall be restored retroactively. Level 4 earned credits shall be applied to his sentence for the months of May, June, July, August, September and October of 2006.

Respondent's Supplemental Brief Concerning Mootness (Doc. # 54), Ex. 1.

Because ODOC, through the action of an official with decisionmaking authority for the agency, has expunged Petitioner's misconduct conviction and restored all of the earned credits lost as a result of the misconduct conviction, and also has determined that the policy under which Petitioner was charged does not support a misconduct charge against an inmate, the Petition has been rendered moot. See Rhodes v. Judiscak, 676 F.3d 931, 935 (10th Cir. 2012)("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.")(quotations and citation omitted). See also Craft v. Jones, 473 Fed. Appx. 843, 845 (10th Cir. 2012)(holding that habeas petitioner's § 2241 petition challenging misconduct conviction was moot when he "obtained the only relief he sought - setting aside the guilty finding and restoration of his good time").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED as moot. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___April 15th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___25th___ day of ___March___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE