IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
MAY 0 9 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

JERRY L. THOMAS, )
          Petitioner, )
)
vs. ) No. CIV-11-1283-W
)
C. CHESTER, Warden, )
          Respondent. )

## ORDER

On March 25, 2013, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the Court dismiss as moot the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Jerry L. Thomas pursuant to title 28, section 2241 of the United States Code. Thomas was advised of his right to object, see Doc. 55 at 8, and the matter now comes before the Court on Thomas' Objection to the Supplemental Report and Recommendation and Request for Evidentiary Hearing [Doc. 58].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter.[1] The events giving rise to this lawsuit occurred on May 1, 2006. Becky Guffy, an official at James Crabtree Correctional Center ("JCCC"), to which Thomas had been transferred, had prepared a Misconduct Report/ Offense Report ("Report"), which charged Thomas with the offense of "Disobedience to Orders." The Report read in pertinent part:

---

[1] The parties are familiar with the facts and procedural history of this case; accordingly, the Court has not restated either in detail.

[o]n [May 1, 2006,] . . . I was conducting a new arrival review with Inmate Thomas . . . [and he] was instructed due to his name change[2] the correct way to sign his name per policy # 060212 part II, section D. Inmate Thomas became loud and argumentative. He then proceeded to sign his name incorrectly to two separate [Oklahoma Department of Corrections] documents, to-wit: New Arrival Review [and] Offender Financial Responsibility Plan.

Doc. 12-2 at 1.

Following a hearing, JCCC officials found Thomas guilty of the misconduct charge and imposed punishment, which included the loss of earned credits and a temporary reduction from Level 4 to Level 1 earned credits status.[3]

In his Petition, Thomas prayed for the following relief:

that the Court . . . find that the misconduct was written in retaliation for me exercising my sincerely held religious beliefs, order that misconduct be overturned, expunged from my record, that Level 4 be restored, that all earned credit be restored as well as all earned credit I would have earned on Level 4 or find that charge is constitutionally vague . . . .

Doc. 1 at 26.

As the record now reflects, the Oklahoma Department of Corrections ("ODOC") has dismissed the misconduct charge against Thomas and expunged his conviction. See Doc. 54-1. It has updated Thomas' records to reflect that dismissal and has restored both his earned credit level and all earned credits lost as a result of the conviction. ODOC has further determined that the ODOC policy under which Thomas was charged and convicted, see OP-060212, II.D., does not support a charge against an inmate. Because Thomas has

---

[2] In 1990, Thomas legally changed his name to "Madyun Abdulhaseeb." E.g., Abdulhaseeb v. Saffle, 65 Fed. Appx. 667, 672 (10th Cir. 2003).

[3] The misconduct charge was subsequently amended to "Individual Disruptive Behavior." See Doc. 12-2 at 37. After a hearing, Thomas was found guilty and punishment was again imposed. See id. at 41.

2

obtained the relief he had requested in his Petition, the Court finds that the instant action is moot. E.g., Craft v. Jones, 473 Fed. Appx. 843 (10th Cir. 2012)(cited pursuant to Tenth Cir. R. 32.1)

In so finding, the Court is mindful that in deciding whether a case has been mooted because the defendant has "temporarily alter[ed] questionable behavior," City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1 (2001), that the defendant bears a heavy burden of showing that the challenged conduct—in this case, the misconduct identified in the Petition—cannot reasonably be expected to recur. The Court finds that ODOC has met its burden.

Thomas' arguments that the narrow exceptions to the mootness doctrine—actions that "are 'capable of repetition, yet evading review,'" Chihuahuan Grasslands Alliance v. Kempthorne, 545 F.3d 884, 892 (10th Cir. 2008)(quotation omitted), and "voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time," id. (citation omitted),—govern in this instance are not persuasive. E.g., Rhodes v. Judiscak, 676 F.3d 931, 935 (10th Cir. 2012)(case is moot if events have so transpired that decision will neither presently affect parties' rights nor have more-than-speculative chance of affecting them in the future). See Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1115 (10th Cir. 2010)(voluntary cessation of offensive conduct will only moot litigation if it is clear that defendant has not changed course simply to deprive court of jurisdiction).

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 55] issued on March 25, 2013;

3

(2) DISMISSES the Petition as MOOT and ORDERS that such dismissal be without prejudice; and

(3) DENIES Thomas' Request for Evidentiary Hearing [Doc. 58] filed on May 6, 2013.

ENTERED this 9th day of May, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE